IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GRIFFIN WHITAKER, LLC          :

   v.                          :   Civil Action No. DKC 10-0725

JERRY WAYNE TORRES, et al.      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are Plaintiff's motion for reconsideration of a July 7, 2010, order dismissing the case for lack of personal jurisdiction (paper 22), Plaintiff's motion to seal a supplemental memorandum and exhibits filed in support of its motion for reconsideration (paper 24), and (3) Defendants' motion for sanctions under 28 U.S.C. § 1927 (paper 25).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, each of these motions will be denied.

**I.  Background**

On January 7, 2010, Plaintiff Griffin Whitaker, LLC, commenced this action in the Circuit Court for Prince George's County, Maryland, against Defendants Jerry Wayne Torres and Torres Advanced Enterprise Solutions, LLC.  (Paper 2). Plaintiff, a law firm in Greenbelt, Maryland, sought to recover

unpaid legal fees related to its representation of the Virginia-based defendants in a matter in the United States District Court for the Eastern District of Virginia. Concomitantly with its complaint, Plaintiff filed a motion for summary judgment. (Paper 4).

On March 24, 2010, Defendants removed the case to this court on the basis of diversity of citizenship (paper 1) and, one week later, filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) (paper 8). In opposing that motion, Plaintiff submitted the Declaration of Edward N. Griffin, one of two members of the plaintiff law firm, averring that the exercise of personal jurisdiction over Defendants was proper because (1) the retainer agreement was drafted in Plaintiff's Maryland office, (2) Plaintiff received phone calls, documents, and payments related to its representation of Defendants in Maryland, (3) one deposition was conducted in that office, and (4) the firm's members met there with another attorney retained by Defendants related to the underlying litigation. (Paper 13, Ex. 1). At the conclusion of his declaration, Mr. Griffin added that "Defendants have contracted for services and or transacted business with individuals residing in Maryland on numerous occasions," such as the plaintiff in the case before the Eastern District of Virginia, which maintained an office in Rockville, Maryland. (*Id*. at ¶¶ 12, 13).

While Plaintiff primarily argued that there was a basis for specific personal jurisdiction over Defendants – *i.e.*, jurisdiction based on Defendants' contacts with Plaintiff pursuant to the parties' retainer agreement – it alternatively requested that jurisdictional discovery be ordered to assist in establishing a basis for general personal jurisdiction – *i.e.*, to show that Defendants have "a multitude of business contacts with persons and entities in this State." (Paper 13, at ¶ 15). Defendants denied having any such contacts.

On July 7, 2010, the court granted Defendants' motion to dismiss, finding that Plaintiff's "unilateral in-state activities on behalf of a non-resident client are insufficient to establish personal jurisdiction over the client." (Paper 20, at 14). Relying principally on the decision of the Maryland Court of Special Appeals in *Zavian v. Foudy*, 130 Md.App. 689 (2000), the court explained:

> It is undisputed that Defendants never set foot in Plaintiff's Maryland offices and that Plaintiff's performance of the agreement was to occur in Virginia. To the extent that the attorneys of the plaintiff firm cite work they performed in their Maryland offices on behalf of Defendants, that work was clearly unilateral in nature, and those activities alone are insufficient to establish personal jurisdiction over Defendants. Plaintiff has put forth no evidence of Defendants' independent contacts with Maryland sufficient to confer personal jurisdiction upon them.

(*Id.* at 15-16). The court declined to order jurisdictional discovery, reasoning that it was sought to establish a basis for general personal jurisdiction, but Plaintiff "offers nothing more than conclusory assertions about [Defendants'] contacts with [the] forum state, which Defendants have specifically denied." (*Id.* at 17-18 (internal marks and citation omitted)).

On August 4, 2010, Plaintiff filed a motion to reconsider, arguing that Defendants had sufficient contacts with the State of Maryland to permit this court to exercise personal jurisdiction over them. (Paper 22). The following day, Plaintiff filed under seal a supplemental memorandum in support of its motion, along with a number of purportedly privileged documents, which, according to Plaintiff, demonstrate Defendants' substantial contacts with the State. (Paper 23). On the same date, Plaintiff separately filed a motion to seal and supporting memorandum. (Paper 24). In opposing Plaintiff's motions, Defendants have moved for sanctions pursuant to 28 U.S.C. § 1927. (Paper 25).

**II. Motion to Seal**

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the

4

> sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

There is a well established common law right to inspect and copy judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). If competing interests outweigh the public's right of access, however, the court may, in its discretion, seal those documents from the public's view. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Prior to sealing any documents, the court must provide the non-moving party with notice of the request to seal and an opportunity to object. *Id*. This notice requirement may be satisfied by either notifying the persons present in the courtroom or by docketing the motion "reasonably in advance of deciding the issue." *Id*. at 234. Finally, the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents. If the court decides that sealing is appropriate, it should also provide reasons, supported by specific factual findings, for its decision to seal and for rejecting alternatives. *Id*. at 235.

5

Plaintiff has moved to seal the supplemental memorandum and exhibits in support of its motion for reconsideration because they describe or consist of documents "culled from files maintained by the Plaintiff under its former representation of the Defendants, and therefore contain confidential and[/]or attorney-client protected materials." (Paper 24, ¶ 2). According to Plaintiff, production of this material is "necessary in order to rebut the Defendants' false assertions that they have no contact with the forum." (*Id*. at ¶ 7). Because of the competing interests of protecting the privileged nature of these documents, on the one hand, and producing materials necessary to its defense, on the other, Plaintiff contends there is no real alternative to sealing in this case.

While Defendants have not specifically responded to the sealing motion, their papers in opposition to Plaintiff's motion for reconsideration describe the substance of all but twelve of the thirty-two sealed exhibits. (Paper 25, Ex. 1, Aff. of Rebekah Dyer). Because Defendants' opposition papers were not filed under seal, they appear to have waived any privilege that might otherwise have applied. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) ("when a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter"). As

Defendants indicate in their motion papers, the sealed exhibits consist of a series of email communications by and between Defendants and individuals with Maryland addresses and/or phone numbers.  (Paper 25, at 5).  None of these communications, however, are between any member or representative of the plaintiff law firm and Defendants, nor do they appear to relate to any legal matter such that the attorney-client privilege could apply.  *See Jones*, 696 F.2d at 1072 ("The privilege applies only if . . . the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding") (quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-59 (D.Mass. 1950)).  To the extent Plaintiff argues that these documents should remain sealed for some reason other than the attorney-client privilege, it has failed to provide any factual support for such argument and Defendants appear to have no concerns in this regard.

Accordingly, Plaintiff's motion to seal will be denied. The parties may refile a motion that is in conformity with Local Rule 105.11 within seven days.  Alternatively, the material may be withdrawn.  Barring either of those two events, the material will be unsealed.

**III. Motion for Reconsideration**

As Judge Quarles recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D.Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed.R.Civ.P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed.R.Civ.P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Although Plaintiff purports to bring its motion for reconsideration under both Rules 59 and 60, because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).[1]

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in

---

[1] Defendants argue that because Local Rule 105.10 requires that "motions to reconsider must be filed within 14 days '[e]xcept as otherwise provided by Fed. R. Civ. P. 60,'" Plaintiff's motion, filed twenty-eight days after the date the underlying order was issued, must be analyzed under Rule 60. (Paper 25, at 2 n. 1). Local Rule 105.10, however, was among those amended as of July 1, 2010. The amended rule states that "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed . . . not later than fourteen (14) days after entry of the order." Plaintiff's motion was timely under Rule 59(e), which itself was recently amended to extend the time for filing to twenty-eight days.

controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (internal marks omitted)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id*. (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

In its motion for reconsideration, Plaintiff alleges that Defendants misrepresented to the court, under oath, that they "do not reside in or maintain offices in the State of Maryland and do not conduct any business or provide any services within the State." (Paper 22, ¶ 2 (quoting Paper 8, Attach. 2, Torres

Aff., at ¶ 13-14)). In support of its claim that Defendants' sworn "assertions are false," Plaintiff submits the sealed memorandum and exhibits, purportedly demonstrating that "Defendants have engaged in extensive business within the State of Maryland." (*Id*. at ¶ 3). Thus, while Plaintiff initially opposed Defendants' motion to dismiss on the basis of specific personal jurisdiction, the thrust of its motion for reconsideration is that the court should exercise general personal jurisdiction, or permit limited discovery to establish that such jurisdiction is proper.

In opposing the motion, Defendants take umbrage at Plaintiff's allegations of their "'lying' under oath and 'concealing contacts within this jurisdiction,'" which, they assert, are "as false as they are offensive." (Paper 25, at 1). They contend that Plaintiff "fails to cite a single legal authority for its arguments"; "nowhere discusses the legal standards for motions for reconsideration"; "nowhere discusses the statutory basis for its jurisdictional claims"; and "does not provide any case law or other authority suggesting that its tenuous evidence of 'contacts' with this jurisdiction is either relevant or dispositive." (*Id*. at 1-2). Accordingly, Defendants ask that the motion be summarily denied and that sanctions be imposed pursuant to 28 U.S.C. § 1927.

In its reply, Plaintiff inexplicably reverts back to the argument presented in its opposition to Defendants' motion to dismiss, *i.e.*, that "Defendants purposely availed themselves of the privileges and laws of the State of Maryland through their initiation and subsequent pervasive involvement with Plaintiff, a Maryland resident." (Paper 26, at 6). For the first time in the litigation of this issue, Plaintiff identifies a specific provision under the Maryland long-arm statute allegedly conferring personal jurisdiction over Defendants; presses allegations that Defendants initiated the business relationship with the Maryland firm, that the firm had represented Defendants in previous matters, and that neither of the members of the firm were barred in Virginia; and presents substantive legal argument addressing the arguments raised in Defendants' initial motion.

In essence, Plaintiff presents, in the reply brief to its motion for reconsideration, the arguments it should have advanced in opposing Defendants' motion to dismiss. While these arguments might have been relevant to the court's analysis of the prior motion, they do not provide a basis for relief on reconsideration. In fact, Plaintiff altogether fails to address the relevant standard for its motion, fails to provide any legal argument in support, and offers no explanation as to why it did not present these arguments previously. Instead, it merely advances, *post hoc*, enhanced arguments that the court should

have exercised personal jurisdiction. These arguments do not meet any of the grounds for reconsideration listed in Rule 59(e). Plaintiff has not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause the court to alter its previous opinion and order. Accordingly, its motion for reconsideration will be denied.[2]

**IV. Motion for Sanctions**

Defendants seek sanctions "because they have been forced to unnecessarily expend fees and costs defending against this motion." (Paper 25, at 6). They rely on 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be

---

[2] To the extent Plaintiff may have intended to move for reconsideration pursuant to Rule 60(b)(3), its motion fares no better under that rule. Rule 60(b)(3) provides for relief from "a final judgment, order, or proceeding" based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To establish entitlement to relief, the moving party must (1) show that it has a meritorious defense, (2) prove misconduct by clear and convincing evidence, and (3) demonstrate that the misconduct prevented it from fully presenting its case. *See Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

As noted, Plaintiff has failed to explain why it could not have advanced the arguments presented in the instant motion in opposing Defendants' motion to dismiss. The alleged misrepresentations were made by Mr. Torres in a declaration attached to the motion to dismiss (paper 8, ex. 1); thus, even assuming the declaration contained material misrepresentations, Plaintiff had every opportunity to present its argument in opposing that motion, but failed to do so. The alleged misconduct did not prevent Plaintiff from fully presenting its case.

12

required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Courts have imposed sanctions under this section only when there is a clear showing of bad faith: 'when the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay.'" *Dobkin v. Johns Hopkins University*, Civ. No. HAR 93-2228, 1995 WL 167802, at *2 (D.Md. Mar. 24, 1995) (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2nd Cir. 1986)).

Plaintiff's conduct does not meet the standard of bad faith necessary to support sanctions under this provision. Accordingly, Defendants' motion will be denied.

**V. Conclusion**

For the foregoing reasons, Plaintiff's motions to seal and for reconsideration will be denied, as will Defendants' motion for sanctions. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge